ARMOUR CAR LINES v. BIGALOW FRUIT CO.

FOREIGN CORPORATION COMPLYING WITH SECS. 148c AND 148d REV. STAT. EXEMPT FROM EXECUTION, WHEN.

> Foreign corporations engaged in interstate commerce business, but not established within the boundaries of this state for the performance generally of their business, when they voluntarily take the benefit of the proviso in Sec. 148d Rev. Stat. and comply with the provisions of Sec. 148c Rev. Stat., are entitled to exemption from attachment under the provisions of Sec. 5521 Rev. Stat. upon the ground that they are foreign corporations.

ERROR to Cuyahoga common pleas court.

**Brewer, Cook & McGowan,** for plaintiff in error.

**Higley & Maurer,** for defendant in error.

**WINCH, J.**

In this case we are asked to review the action of the common pleas court of Cuyahoga county, in overruling a motion by plaintiff in error to discharge an attachment.

The petition in the case claims damages for breach of contract to care for two car loads of strawberries shipped by defendant in error from Chattanooga to Cleveland in May, 1900, in refrigerator cars of plaintiff in error, which cars, it is claimed, were to be iced by the latter and kept at a low temperature in transit.

An attachment was issued in the case, the affidavit therefor stating as the ground for attachment: "That said defendant is a foreign corporation, engaged in transportation and interstate commerce business."

The motion to discharge the attachment alleges that the statement as to the ground of attachment is untrue and that defendant below had complied with Sec. 148c and 148d Rev. Stat.

At the hearing on the motion it was shown that Armour Car Lines is a foreign corporation, that it owns and uses part of its capital and plant in Ohio, and certificates of the secretary of state were produced showing that it had complied with the requirements of Secs. 148c and 148d Rev. Stat. The bill of exceptions shows much evidence was introduced on the question whether said foreign corporation is "engaged in transportation and interstate commerce business," plaintiff in error claiming that the legal conclusion to be drawn from the facts developed at the hearing is that it is *not* such corporation, and defendant in error claiming that it is.

In the view we take of this case it is immaterial whether plaintiff in error is engaged in transporation and interstate commerce business, or not, but conceding the claim of defendant in error, that it is, let us attempt to construe the statutes on the subject here involved.

Section 5521 Rev. Stat. provides that the plaintiff may have an attachment when the defendant is a foreign corporation, except as provided in Secs. 148c and 148d Rev. Stat.

Section 148c Rev. Stat. provides that every foreign corporation, incorporated for purposes of profit, now or hereafter doing business in this state, and owning or using a part or all of its capital or plant in this state, shall file a certain statement with the secretary of state and pay certain fees, and that every corporation subject to the provisions of said section which complies with its requirements, shall not be subject to attachment on the ground that it is a foreign corporation, provided that this section shall not apply to certain foreign corporations, including "transportation or other corporations engaged in Ohio in interstate commerce business."

This proviso, conceding that Armour Car Lines is engaged in transportation and interstate commerce business, applies to said company, for it is a foreign corporation doing business in this state and owning or using part of its capital or plant in this state, and therefore Sec. 148c Rev. Stat. does not apply to it.

Section 148d Rev. Stat. provides that *no* foreign stock corporation, other than certain banking and insurance corporations, but not excepting transportation or other companies engaged in interstate commerce business, shall do business in this state without first having procured from the secretary of state a certain certificate which shall be delivered upon the corporation complying with the requirements of the laws of this state. No such foreign corporation without such certificate shall maintain any action in this state upon any contract made by it in the state until it procures such certificate. Every such foreign corporation is required to file certain papers and statements and designate a person upon whom process against it may be served within the state, and pay certain fees.

Then follows a proviso that "such foreign corporations as comply with the provisions of Sec. 148c Rev. Stat., as amended May 16, 1894, shall not be subject to process of attachment under Sec. 5521 Rev. Stat., or any law of Ohio, upon the ground that it is a foreign corporation or nonresident of this state."

Manifestly this proviso includes corporations not specified under Sec. 148c Rev. Stat., for there would be no use subserved in using this

language if it were intended only as a repetition of what is provided for in Sec. 148c Rev. Stat.

In this connection it is also significant that Sec. 5521 Rev. Stat. itself excepts from attachments such corporations as comply with Sec. 148d Rev. Stat.

We take it that the proviso in Sec. 148d Rev. Stat. includes all foreign corporations, except such as are specifically excepted in the opening paragraph of the section, and transportation and other companies engaged in interstate commerce are not so excepted.

So far as this act is in conflict with the provisions of the federal constitution that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states, and that congress shall have power to regulate commerce * * * among the several states, it is, of course, inoperative, as was held in the case of *Toledo Commercial Co.* v. *Manufacturing Co.* 55 Ohio St. 217 [45 N. E. Rep. 197]. That means that a foreign corporation engaged in interstate commerce business and not established within the boundaries of this state for the performance generally of its business, could not be compelled to comply with said act, or punished if it did not comply. But how about such corporations, which, though they cannot be compelled to comply with the requirements of either Secs. 148c or 148d Rev. Stat. yet *voluntarily* take the benefit of the proviso in Sec. 148d Rev. Stat. and comply with the provisions of Sec. 148c Rev. Stat.? Are they not entitled to exemption from attachment upon the ground that they are foreign corporations?

Is it not possible that the legislature offered this exemption to such foreign corporations as it could not lawfully compel to comply with these two acts, as an inducement to their voluntary compliance so that the state's revenues might be increased by the payment of the fees required therein?

We think this explanation the only reasonable one for the existence of two laws on the regulation of foreign corporations, passed originally within three days of each other, and it gives effect to words which would otherwise be tautological.

It follows therefore that whether or not plaintiff in error is a transportation or other corporation engaged in Ohio in interstate commerce business, is immaterial. Having complied with the requirements of Sec. 148c Rev. Stat. it is exempt from attachment as a foreign corporation.

Judgment reversed.

**Marvin, J.,** concurs.